NO. 07-06-0172-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



NOVEMBER 14, 2006


 ______________________________



IN THE INTEREST OF K.C.B., A CHILD


_________________________________



FROM THE 100TH DISTRICT COURT OF COLLINGSWORTH COUNTY;



NO. 6951; HONORABLE PHIL VANDERPOOL, JUDGE


_______________________________



Before CAMPBELL and HANCOCK, JJ., and REAVIS, S.J. (1)

ON JOINT MOTION TO WITHDRAW MANDATE AND SUBSTITUTE OPINION


 By opinion dated September 8, 2006, the Court granted appellant Angela Melton's
motion to dismiss her appeal from the trial court's order terminating her parental rights. We
issued our judgment and mandate that same date. Now pending before the Court is a
Joint Motion to Withdraw Mandate and Substitute Opinion filed by Dale A. Rabe, Jr.,
K.C.B.'s attorney/guardian ad litem, joined by the Texas Department of Family and
Protective Services. Melton opposes the motion, which was filed October 30, 2006.

 As its name implies, the Joint Motion requests that we withdraw our mandate,
"review and amend" our September 8 opinion and reissue our mandate. The Joint Motion
states that Rabe and the Department do not oppose dismissal of the appeal, but they
disagree with the reason for dismissal stated in our opinion. The movants cite Rules 18.7,
19.1 and 19.2 of the Texas Rules of Appellate Procedure. 

 Our plenary power over our judgment expired on November 7, 2006, while the Joint
Motion was pending. Rule 18.7 provides for a recall of mandate if the appellate court
vacates or modifies a prior judgment. Our authority to vacate or modify a judgment,
however, is limited to the period in which we have plenary power. See Tex. R. App. P.
19.3. Albeit Rule 19.3(b) permits a recall of mandate even after expiration of plenary
power, we see no reason to do so under these circumstances. Consequently, we deny
that portion of the Joint Motion requesting that mandate be recalled. We are without
authority to address the remainder of the motion, and express no opinion on the merits of
the contention made in it. 

 It is so ordered.

 Per Curiam


 
1. Don H. Reavis, Justice (Ret.), Seventh Court of Appeals, sitting by assignment.



otion to suppress is reviewed for abuse of discretion. 
Oles v. State, 993 S.W.2d 103, 106 (Tex.Cr.App. 1999). We apply a bifurcated standard
of review giving almost total deference to the court's determination of historical facts and
reviewing de novo its application of the law of search and seizure to those facts. State v.
Ross, 32 S.W.3d 853, 856 (Tex.Cr.App. 2000). The evidence should be viewed in the light
most favorable to the court's ruling. State v. Ballard, 987 S.W.2d 889, 891 (Tex.Cr.App.
1999). In a suppression hearing the trial court is the sole judge of the credibility of the
witnesses and the weight to be given their testimony. Id. at 855. 

 Appellant's sole point contention is abuse of discretion by the trial court in denying
his motion to suppress because (1) there were no articulable facts supporting his detention
after the initial purpose of the stop was complete, and (2) the State failed to prove his
consent to search was voluntary. We disagree. Officer Mills testified that when appellant
was asked about the driver's license in the console of the vehicle, he became nervous,
had quivering lips, and avoided eye contact with him. Nervous, evasive behavior is a
factor to consider in determining reasonable suspicion for a Terry stop. (1) Balentine v.
State, 71 S.W.3d 763, 769 (Tex.Cr.App. 2002) citing Illinois v. Wardlow, 528 U.S. 119,
124, 120 S.Ct. 673, 145 L.Ed.2d 570 (2000). Given the totality of the circumstances,
appellant's behavior and the fact that he was in possession of a Louisiana document
bearing another individual's name constituted articulable facts upon which Mills could have
concluded that appellant was engaged in criminal activity. 

 Officer Mills testified that when he asked appellant for consent to search the
vehicle, appellant replied he had "no problem." Appellant testified that when he gave
consent to search, he assumed only the inside of the vehicle would be subject to search. 
He added that only after the contraband was discovered did he ask the officers to
discontinue the search. 

 Voluntariness to search is a question of fact to be determined from all the
circumstances. Ohio v. Robinette, 519 U.S. 33, 40, 117 S.Ct. 417, 136 L.Ed.2d 347
(1996); Carmouche v. State, 10 S.W.3d 323, 331 (Tex.Cr.App. 2000). When the State
relies on consent to search, the burden is on the prosecution to prove by clear and
convincing evidence that the consent was freely and voluntarily given. Reasor v. State,
12 S.W.3d 813, 818 (Tex.Cr.App. 2000). Further, when the scope of the search is
disputed, it is measured by objective reasonableness, i.e., what the typical reasonable
person would have understood by the exchange between the officer and the suspect. 
Florida v. Jimeno, 500 U.S. 248, 251, 111 S.Ct. 1801, 114 L.Ed.2d 297 (1991); Simpson
v. State, 29 S.W.3d 324, 329 (Tex.App.-Houston [14th Dist.] 2000, pet. ref'd). Although
both Mills and appellant testified that appellant was not informed he did not have to
consent to the search, such warning is not required nor essential. Meeks v. State, 692
S.W.2d 504, 510 (Tex.Cr.App. 1985). Further, an officer's failure to give such a warning
is only probative on the issue of voluntariness, not determinative. Id. 

 Unless an officer's request or a suspect's consent limits a search to a particular
area of a vehicle, the search reasonably includes all areas of the vehicle and excludes
none. Simpson, 29 S.W.3d at 330. In the instant case, neither Mills's request nor
appellant's consent limited the scope of the search. Appellant mistakenly assumed only
the inside of the vehicle would be searched. Based on the evidence presented at the
hearing, we conclude the State established appellant's consent to the search by clear and
convincing evidence. A search following a legitimate traffic stop carried out with a
suspect's consent is reasonable under the Fourth Amendment. Armendariz v. State, No.
0070-02, 2003 Tex.Cr.App. LEXIS 924, at * 7 (Tex.Cr.App. Dec. 10, 2003). Thus, the trial
court did not abuse its discretion in denying the motion to suppress. Appellant's sole point
of error is overruled.

 Accordingly, the judgments of the trial court are affirmed.

 

 Don H. Reavis

 Justice

 

Do not publish.
1. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).